UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHESTRA,<br><br>　　　　Petitioner<br><br>　　v.<br><br>R.C. JOHNSON, WARDEN,<br><br>　　　　Respondent. | Case No. 2:22-cv-03115-DOC (GJS)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

　　　　On May 29, 2019, Petitioner, a state prisoner, commenced a 28 U.S.C. § 2254 action in Case No. 2:19-cv-04675-RSWL (GJS) (the "Prior Petition"). The Prior Petition sought habeas relief with respect to Petitioner's 2015 Los Angeles County Superior Court conviction for first degree murder and related sentence of 100 years to life (the "State Conviction"), and the Prior Petition raised five claims. On February 1, 2021, United States District Judge Ronald S.W. Lew denied the Prior Petition on its merits and dismissed the case with prejudice, and Judgment was entered. Petitioner did not appeal.[1]

　　　　On May 6, 2022, Petitioner filed the instant Petition, which again challenges

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

the State Conviction. The instant Petition alleges the very same five claims that were raised and resolved through the Prior Petition action.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b)(2) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The Prior Petition raised five federal constitutional claims challenging the State Conviction and was denied on its merits over a year ago, and Petitioner failed to appeal that decision. The instant Petition once more challenges the State Conviction based solely on the very same claims that already have been resolved against him on their merits. The instant Petition, therefore, is second or successive within the meaning of Section 2244(b)(1).

The Court has reviewed the Ninth Circuit's dockets and there is no indication that Petitioner has sought, much less obtained, authorization from the Ninth Circuit

to bring the instant Petition, and thus, the Court is without jurisdiction to entertain it. 28 U.S.C. § 2244(b)(3)(A); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.").

Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

**IT IS SO ORDERED.**

DATED: May 18, 2022

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE